Worldwide. Three parts. Is the guy who is the guy who My name is Maggie Heim and I represent the petitioner, Mr. Leonard Cotton, Jr. This is his appeal from a second stage dismissal of an amended post-conviction petition and from the denial of leave to file a successive petition. Because there was not an evidentiary hearing on either petition, the actual allegations are taken as true and this court's review is de novo. Now as a preliminary matter, the state has raised a jurisdictional issue as to the amended petition only. Now the following notice of appeal is the only requirement for this court's decision and that was done in this case. The state has argued that a pro se motion to reconsider, which was filed after notice of appeal, effectively struck the notice through the operation of rule 606B, but by its plain language, rule 606B does not apply to any pro se motions filed by a representative defendant. And this is supported by Keeple v. Patrick, the 2011 Illinois Supreme Court case, and very recently in Keeple v. Darr, the appellate court, the third district of the appellate court expressly held that rule 606B is not triggered by even a post-notice of appeal Frankel motion on the basis of Patrick. Excuse me. Um, this, uh, did you receive an order allowing the supplementation? I did. Okay. And so then the state has 14 days, that order went out. Okay. We, I don't, didn't know that. I just want to make sure that that happened. Okay. But even if this court looks just to Keeple v. Patrick, although it wasn't the holding that posed. But it seems like Keeple v. Darr kind of settles this situation. It does. In this case. It goes through the specific argument. So where 606B isn't triggered, notice of appeal stands, and this court has jurisdiction, and there was no issue raised as to the jurisdiction of a successive petition. Now, a shared issue between both the petitions is whether post-conviction counsel provided reasonable assistance in representing the amended petition. So even if this court, for some reason, were to disagree with Darr, it would still need to reach this issue of reasonable assistance to dispose of the appeal from the successive petition. So I'd like to briefly overview some of the factual, some of the factual issues in this case. In 2007, when Mr. Cotton was 15 years old, he and a man named Jossa Custer were accused of felony murder. Mr. Cotton, his father, and Mr. Custer were all interrogated by then East St. Louis police detective, Ricky Perry. Now, the proceedings against Mr. Cotton were delayed for more than a year when he was found unfit. According to Dr. Cuno, who was functioning at the level of seven or eight year old, he couldn't understand the Miranda warnings and he was unable to understand the proceedings against him. Now, in January of 2009, while Mr. Cotton was still unfit and in DHS, the charges against Mr. Custer, his co-defendant, were dropped, and this is because a judge threw out Mr. Custer's confession based specifically on Ricky Perry's misconduct and credibility issues. Local news covered the fact that the then state's attorney, Bob Heda, announced that he was no longer going to be using Ricky Perry as an essential witness in felony cases. Now, in May of 2009, Dr. Cuno opined in a report that Mr. Cotton was fit, although he remained severely intellectually limited. On May 27th, Mr. Cotton was restored to fitness in a hearing in open court, and his attorney was alerted to the fact that there were discoverable personnel issues with Ricky Perry that needed to be filed in order to get access to these documents. By July, Mr. Cotton had pled guilty to murder, his first felony, and he was headed to prison. Now, in 2000, there was no direct appeal in this case. It wasn't until 2012 that Mr. Cotton filed a post-conviction petition and received post-conviction counsel's assistance. An amended petition was filed by counsel, which alleged that Mr. Cotton was not fit to plead guilty, and the May 27th, 2009 hearing didn't happen, and the plea counsel was ineffective for failing to suppress Mr. Cotton's statement to police and his father's statement to police. And the problem that this court is confronted with is that post-conviction counsel didn't provide the reasonable assistance which is required by the Post-Conviction Hearing Act, so this amended petition didn't have the proper support or the proper framing to make it to a third stage hearing. In which of those filings did the situation with Ricky Perry, with Teddy Perry, happen, what kind of relationship, what impact did that have on any of those three pleads? So, Ricky Perry was mentioned in the pro se post-conviction just insofar as Leonard Cotton's father said that there was impropriety in his interrogation. And then in the amended petition, on the motion to suppress both Mr. Cotton and his father's statements, the post-conviction attorney included a paragraph that said, charges were dropped against a murder suspect due to Ricky Perry's problems. The state's attorney, Bob Hayda, announced he would no longer be using him as an essential witness. So it showed up clearly in the amended petition. And in the successive petition, it was alleged as, my plea attorney did not investigate the fact that there were serious problems with Ricky Perry, despite the fact that she was alerted to these serious problems on May 27, 2009. Does that answer your question? Yes. Okay. So, Rule 651C is a Supreme Court rule which ensures that there is an appellate record so that this court can decide whether or not there was reasonable assistance, such that, or whether there wasn't, and that this needs to go back for more second stage. And the important parts of Rule 651C for this case are that the attorney needs to examine the relevant record of proceedings and make any amendments which are necessary for an adequate presentation of the claims. Here, the record affirmatively shows that counsel did not comply with the rule. And the tightest issue is that counsel raised an issue specifically dealing with the adequacy of the fitness proceedings held on May 27, 2009, that counsel did not review a transcript of that hearing. It wasn't until the actual hearing on the state's motion to dismiss that counsel received a copy and said on the record, oh, I think this was just created. So we know that he did not review that transcript prior to filing an amended petition which alleged that hearing was inadequate. This alone is enough to rebut the affirmation of the certificate that he looked at the relevant record of proceedings. And that alone is enough for this court to send this back for further second stage proceedings with new counsel. That's not all this court has. There are also specific facts in the amended petition for which no support was attached, but it appears that support was easily available. Counsel described Mr. Cotton's demeanor during the interrogations, but he didn't attach any DVD or videotape of the interrogation. And because this was a guilty plea, it's not just automatically in the record. Counsel needed to attach it as an exhibit or bring it to the hearing on the state's motion to dismiss. Post-condition counsel also asserted in the signed filing, like I was just saying, a full paragraph about charges were dropped against the murder suspect due to Perry's improprieties. Bob Hayda is no longer using Ricky Perry as an essential witness, but there's nothing, nothing attached to the amended petition to support that very specific and important factual allegation that the state's attorney has abandoned a detective. And we also have that counsel did not shape the claims into the proper form, when you're alleging ineffective assistance of plea counsel, the prejudice allegation has to include an affidavit from the petitioner, which says, I would not have pled guilty and I would have insisted on going to trial had I known about X, Y, Z. And here, we just don't have that allegation. And in People v. Groszak, the third district said, not having that prejudice allegation where it's a necessary amendment, that alone is a 651C violation. In short, we have a record which clearly shows counsel didn't get a necessary transcript, didn't attach available spring documentation, and didn't properly allege prejudice. As a result, we're asking that this court remand the amended petition for further second stage proceedings with new post-conviction counsel who can get this petition into shape. Importantly, when there is a 651C violation, there is no harmless error review. And what that means for this court is that there's no need to guess about what might have happened if Mr. Cotton had gotten the right kind of newspaper. But we knew in this case that they didn't happen, so this court simply needs to remand for further second stage proceedings. Turning now to the motion to file a successive petition. Successive petitions should be allowed when the petitioner alleges adequate facts for the trial court to find cause and prejudice. Now, cause is any objective factor which impeded the ability of the petitioner to raise a specific claim in the initial proceedings. Prejudice is when that unraised claim so infected trial that the conviction violates due process. In the plea context, prejudice will be met when you allege that the plea was entered based on the ineffective assistance of plea counsel. And here... Let me ask you this question. Sure. If the court remands, as you suggest, would the remand be to allow an amended post-conviction with new counsel or would the remand be to allow the filing of a successive post-conviction petition? So, if this court were to remand the amended petition for new counsel and further amendment, as a practical matter, the successive petition... It's moved. They're both doing the same thing. They're both letting him back so you can amend a petition raising all of his constitutional claims with new counsel. So, is the request to file... So, would the second appeal be moved or would we remand for the filing of a I mean, it seems to me a successive petition and an amended petition accomplish the same thing. So... They do accomplish the same thing. I think if this is being remanded back to the counsel on the first issue, the second issue, as a practical matter, it's moved. Okay. Your Honor, this court should decline to remand on the issue of Perry because defendant never sought to withdraw his guilty plea, which is required by the Supreme Court's decision in People v. Hampton. That information was known to defendant at the time that he pled guilty and therefore, it was right for review or it was right to raise in a motion to withdraw his guilty plea pursuant to Rule 604D. Now, the Supreme Court in People v. Hampton held that the failure to seek withdrawal of a guilty plea in compliance with Rule 604D weighs the plea was involuntary. Specifically, the Supreme Court noted that post-conviction petitions are collateral in nature and are therefore... The scope of post-conviction review is limited by res judicata and waiver. Applying those principles, the Supreme Court in Hampton noted that the defendant had not challenged the voluntariness of his plea in the trial had not sought to withdraw his guilty plea pursuant to Rule 604D and had not raised the issue of voluntariness on direct appeal. The Supreme Court further noted that the issues that were related to the voluntariness of the defendant's plea there were matters of record at the time the defendant entered into his plea. Due to these facts, the Supreme Court rejected the defendant's argument that the plea was involuntary and it also rejected the defendant's argument that the plea was involuntary due to ineffective assistance of plea counsel for the same basis. Here, the procedural posture is nearly identical. Petitioner did not attempt to withdraw his guilty plea, he did not raise the issue in the trial court, and he did not pursue a direct appeal. The issue of fitness and the propriety of the fitness hearing were matters of record at the time the defendant entered into his guilty plea. Put another way, Petitioner's fitness claim does not rely on newly discovered evidence that was unavailable to Petitioner at the time that he pled guilty. Similarly, these allegations with respect to Ricky Perry was information that was available to the defendant at the time that he pled guilty, and as counsel noted, he became aware of those issues at his fitness hearing. Because this information was available to him, they were matters of record at the time that he pled guilty, and to avoid waiver of the voluntariness issue, he was required to raise those issues in a motion to withdraw his guilty plea. Because he did not do so, he has waived the claim, and pursuant to Hampton, he may not raise that claim in a post-conviction petition. In his reply brief, Petitioner alleges that Hampton is an opposite because he did not pursue a direct appeal as did the defendant in Hampton. However, the question is not whether the defendant actually pursued a direct appeal. The question is whether he could have raised those issues in a direct appeal, and as stated, the defendant could have done so here. Petitioner also argues that this Court has previously rejected the notion that waiver occurs due to the failure to seek to withdraw a guilty plea, citing a Peeble v. Tripp. What about the fact that the trial court already allowed this to go to the second stage? I'm sorry, Your Honor? The trial court allowed, so the post-conviction petition was filed. It could have been dismissed at the first stage for the issue you're arguing, right? Yes, Your Honor. But it wasn't, so the court allowed it now to go to the second stage, appointed counsel, right? Yes, Your Honor. So it seems like the court has already found that there was no waiver. So are we to back up the trial court's determinations here? Is that what you're arguing? Not necessarily, Your Honor, because to survive the first stage of post-conviction proceedings, the defendant need only allege the gist of a constitutional claim. The waiver is not necessarily an issue at that stage because it's such a low bar for a pro se petitioner to advance to the second stage of proceedings. As Your Honor noted, this case did proceed to second stage proceedings. And I believe in Hampton, that was the same case. So the petitioner's claim, based on Hampton, petitioner's claims are waived. And post-conviction counsel was therefore unable to shape petitioner's claims in such a way as to make them reviewable. And so petitioner cannot persuade that post-conviction counsel's performance rebutted the presumption that he provided reasonable assistance due to the filing of the Rule 651C certificate in this case. And I want to back up and address the successive post-conviction petition. As Justice Cates, you noted the mootness issue. It is the State's position that the successive post-conviction petition is barred by either res judicata in that the trial court did rule on the merits of the original petition, which raised substantially the same claims as the successive post-conviction petition. But if we find that, first of all, if waiver exists, as you alleged, then it's all waived. Correct, Your Honor. If we find that there is no waiver, we could also find that the court erred in dismissing the petition. So about the successive petition, you would agree that if for some reason we get a round waiver and we remand, that the successive would be moved? Yes, exactly, Your Honor. So there's really no basis for finding that the trial court erred in dismissing the successive post-conviction petition, because regardless of how this Court rules on the original post-conviction petition, the issue is either barred by res judicata or it becomes moot by this Court's decision with respect to the original petition. But the trial court didn't rule based on waiver, did it? No, Your Honor, it did not. And based on People v. Darg, I know that you've been given time. Do you have any position today on it, or would you rather defer to your response? No, Your Honor, I do have a position today. With respect to jurisdiction, six days after filing his notice of appeal, Petitioner Pro Se filed an otherwise timely post-judgment motion to reconsider the decision. The motion alleged, among other things, that post-conviction counsel did not adequately review the transcript of the fitness restoration hearing. And a liberal construction of this allegation shows that Petitioner was dissatisfied with his post-conviction counsel's performance, which could constitute a Pro Se allegation that post-conviction counsel rendered unreasonable assistance to counsel. According to Rule 606, when a timely post-judgment motion is filed, any prior file notice of appeal is stricken from the record and the trial court is revested with jurisdiction to dispose of the post-judgment motion. However, the State does note that when a Petitioner files a Pro Se motion, it is generally disregarded if Petitioner is represented by counsel. However, that general rule is relaxed in situations where the Pro Se motion alleges ineffective assistance of counsel. So the fact that Petitioner was represented by OSET at the time that he filed this motion should not bar review of his claim of inadequate counsel, and it should not prevent application of Rule 606. And the State does acknowledge People v. Patrick and the subsequent decision in People v. Patrick is not distinguishable from People v. Patrick because this case dealt with a timely filed post-judgment motion, whereas the post-judgment motion in Patrick was not timely filed. And it's the State's position that a timely filed post-judgment motion alleging ineffective assistance of counsel would trigger application of Rule 606, thereby revesting the trial court with jurisdiction to consider the claim. Admittedly, the Third District in People v. Darr reached the opposite result, but the State respectfully submits that that decision was an error. If we accept the Third District's decision in People v. Darr, we would be left with the untenable situation wherein counsel could file a post-judgment motion despite a pending notice of appeal, but a defendant would be unable to raise a claim of, excuse me, of ineffective assistance of counsel at the same juncture in the case. Rule 606, though it does provide the provision with respect to whether or not the person is represented by counsel, I don't think it necessarily bars this whole Krinkle line of the allegation of ineffective assistance of counsel is nearly always prosaic because counselors do not argue their own ineffectiveness. So are you saying that the Third District's decision creates a distinction between motions that are filed by prosaic litigants versus motions that would be filed by an attorney? Not on its face, but in effect, and that's illustrated by this case. Yeah, go ahead. If Petitioner's counsel had filed a post-judgment motion to reconsider the dismissal on the merits in this case, Rule 606 would have been invoked and jurisdiction would have been revested in the trial court. However, simply because Petitioner filed a prosaic motion that challenged the adequacy of his post-conviction counsel, the application of the court's ruling in Darr prevents that which is contrary to the whole purpose of Krinkle and its progeny. We like to have those concerns addressed by the trial court, and simply because their prosaic should not prevent application of Rule 606 in this specific circumstance. So if there are no further questions, the State would respectfully request that this Court conclude that it lacks jurisdiction to consider Defendant's original petition and affirm the dismissal of Petitioner's successive petition. Thank you, Your Honors. Thank you, Counsel. Justice Goldman. So we're still going to allow them to put that in writing. Oh, sure. Yes. We have 14 days. Yes, you have it. Thank you for your clarification. You've got 14 days to respond in writing if you decide to do so. Thank you. Thank you. Your Honors, the plain language of Rule 606B trumps policy issues unless it's ambiguous, and it's not ambiguous. It's a timely, post-trial or post-sentencing motion that has been filed by counsel or by the defendant, if not represented by counsel, strikes notice of appeal. Here, we don't have either of those things. It's a notice of appeal stand. People view Patrick was decided in 2011. Although it wasn't the holding that a post-notice of appeal crankle motion is ineffective, it was stated multiple times throughout Patrick, and the Supreme Court is the one that writes the Supreme Court rules. If they wanted to change Rule 606B to extend the striking of notice of appeal to crankle motions, they have the opportunity to do it, but this Court is bound by the plain language of Rule 606B as it's been expounded in both Patrick and now more recently in Darr. To respond briefly to the fourth feature argument, in people view Rose, the Supreme Court made clear that when there is no direct appeal at all, petitioners are still entitled to assert constitutional errors which can come under the Post-Conviction Hearing Act in which that act is designed to protect. And in people view Flowers, which was decided after people view Hampton, the Court recognized that the failure to file one of these 604D motions creates the pain of a waiver of all constitutional issues except for those that can come through the Post-Conviction Hearing Act, and that's specifically for these guilty plea defendants because 604D is a jurisdictional rule. So this Court's analysis in people view Trip is the correct one, and in people view Hampton, the big difference is that there was, in fact, a direct appeal. So when there is a direct appeal, the analysis is, well, could you have raised this issue earlier when you had an attorney helping you with your direct appeal? But when there is no direct appeal at all, the analysis is simply, is this a constitutional issue which can come under the Post-Conviction Hearing Act? In this case, we've raised constitutional issues. Although I think this Court has jurisdiction to remand on the basis of the amended petition alone, I want to briefly touch on the successive petition. Counsel talks about the fact that this could have all been raised earlier, but the problem here is that it was Post-Conviction Counsel's failure to get that May 27, 2009 transcript that led to the loss of this pertinent information, which is that counsel was told in that transcript to get to, that there were discoverable personnel files on Ricky Perry. So suddenly we have a really well-supported claim that counsel was specifically alerted to the fact that there were discoverable files on a detective. And if she'd looked into that at all, she would have seen these newspaper articles that the allegations, that the charges against Mr. Cotton's co-defendant had been dropped entirely because of the way that Perry had infected the investigation. And again, what we're asking for here is simply to have Mr. Cotton get counsel to help him review the propriety of a guilty plea he entered when he was a teenager, and when we know that there is Ricky Perry in the center of this case, and perhaps no other evidence in these three confessions, the only one that made it into court got thrown out. Were any of the Ricky Perry materials given to the defendant, Dr. Perry? So because it's a guilty plea record, it's very limited, and it looks like they weren't because the state came in and told counsel, we have these discoverable files, and we want to avoid any Brady violation, but because they're personnel files, we want a court order telling us to give them to you. So you just filed a motion, and we'll hand them over. And the docket sheets show that no motion was ever filed. So the state was at least attempting to comply. I don't really know if they did enough, given that charges were dropped against the co-defendant, but we do know that plea counsel was alerted to the fact that these were out there, and that a simple motion needed to be filed to look at them and see how big this problem was. It's really vital in this case. Well, so the cause of the initial petition not having the fact that plea counsel was alerted to this is that post-conviction counsel didn't get the transcript, even though he needed to get that transcript because it was the very hearing that he was contesting in the amended petition. And the prejudice here is palpable. The prejudice is that Mr. Cotton is trying to say, Ricky Perry's in the center of my case. I was a teenager when I pled guilty. I think something's wrong. And if a guilty plea was entered based on ineffective assistance of plea counsel or plea counsel didn't do even a cursory investigation into a detective that even Bob Pato wouldn't credit, then there's a very live issue as to whether this was an appropriate guilty plea. There's no jurisdictional reason for this court not to reach the merits of this successive petition if for some reason it decides not to reach the amended petition. So Mr. Cotton would ask that it alone could be remanded for a successive petition to be filed and appointment of counsel. Thank you. Thank you, Constance. We appreciate your briefs and arguments. And counsel will take this case under advisement. We will take a short recess.